**LINK: 1**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 10-0399-GAF (DTBx) | Date | April 2, 2010 |
|---|---|---|---|
| Title | Robert Petroff v. PNC Global Investment Servicing Inc et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**          **(In Chambers)**

### ORDER TO SHOW CAUSE

On February 9, 2010, Plaintiff Robert Petroff ("Petroff") filed the present lawsuit against Defendant PNC Bank, National Association ("PNC") in Riverside County Superior Court. (Not. Remov., Ex. A.)[1] PNC then removed the action to this Court on March 15, 2010, invoking the Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1332.  (Not. ¶ 4.)  There are three distinct defects in PNC's removal notice.

The first defect in the notice is its failure to adequately indicate PNC's state of citizenship.  Under section 1332, federal courts have jurisdiction over "all civil actions where the matter in controversy exceeds . . . $75,000 . . . and is between . . . [c]itizens of different States." 28 U.S.C. § 1332(a)(1).  For the purpose of determining diversity jurisdiction under section 1332, all "national banking associations shall...be deemed citizens of the States in which they are respectively located." 28 U.S.C. § 1348.  A national bank is a citizen of "the State designated in its articles of association as its main office."  Wachovia Bank, N.A. v. Schmidt, 546 U.S. 303, 318 (2006).

PNC admits that it is a "federally chartered bank" (Not. ¶ 5.), yet its removal notice references only its "principal place of business...in Pittsburgh, Pennsylvania" (Id.) and omits any description of the state designated "as its main office."  Schmidt, 546 U.S. at 318. The "location of a national bank's main office and of its principal place of business" do not always "coincide," and PNC must therefore indicate its main-office state to properly invoke diversity jurisdiction.

---

[1] PNC alleges that it was erroneously sued as "PNC Global Investment Servicing, Inc." (Id. at 1.)

LINK: 1

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 10-0399-GAF (DTBx) | Date | April 2, 2010 |
|---|---|---|---|
| Title | Robert Petroff v. PNC Global Investment Servicing Inc et al | | |

Schmidt, 546 U.S. at 317 n.9.

The second defect in PNC's removal notice is its failure to adequately indicate Plaintiff's citizenship. For the purposes of diversity jurisdiction under section 1332, a natural person is a citizen of the state where he or she is domiciled. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." Id. (citing Lew v. Moss, 797 F.2d 747, 749 (9th Cir. 1986)). A "person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id.

PNC's removal notice alleges that "Plaintiff is a resident of the State of California" (Not. ¶ 5.), but as Kanter teaches, this allegation does not "necessarily" establish Plaintiff's domicile in California. 265 F.3d at 749. To properly invoke the Court's diversity jurisdiction, PNC must allege Plaintiff's state of domicile.

The third defect in the notice is its lack of specific allegations regarding timely removal. The thirty-day period for removal under 28 U.S.C. § 1446 begins to run when a defendant has been properly served with a copy of the summons and complaint, or when the defendant receives "a copy" of some "paper from which it may first be ascertained that the case is...removable." See Murphy Bros., Inc. v. Mitchetti Pipe Stringing, Inc., 526 U.S. 344, 347-48 (1999); 28 U.S.C. § 1446(b). PNC vaguely suggests that the notice of removal was "filed on or before March 15, 2010, within 30 days of when [PNC] was first put on notice of the removable claims," (Not. ¶ 3.) but does not specifically allege when PNC was first served with process or otherwise notified that Plaintiff's case was "removable." § 1446(b). PNC also fails to attach any proof of service and thereby provide evidence that its removal was timely. To properly remove the case to this Court, PNC must provide additional averments or evidence indicating that its removal was, in fact, timely.

PNC is therefore **ORDERED TO SHOW CAUSE no later than Monday, April 12, 2010**, why the Court should not remand this case to state court for lack of diversity subject matter jurisdiction and untimely removal. A memorandum or amended removal notice that addresses the Court's concerns shall constitute a sufficient response to this order.

**IT IS SO ORDERED.**